IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CARLOS CRUZ-RIVERA,<br><br>**Petitioner**,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>**Respondent.** | **Civil No.** 20-1170 (FAB)<br>related to<br>**Criminal No.** 15-486 (FAB) |

**OPINION AND ORDER**

**BESOSA, Senior District Judge.**

Before the Court is Carlos Cruz-Rivera's ("Petitioner" or "Cruz-Rivera") *pro se* Motion to Vacate, Set Aside, or Correct Sentence in Criminal Case No. 15-486, pursuant to Title 28, United Sates Code, § 2255 ("section 2255"), (Civil Docket No. 10), an Amended Motion to Vacate, Set Aside, or Correct Sentence, (Civil Docket No. 4); a Supplemental Motion to Vacate, Set Aside, or Correct Sentence, (Civil Docket No. 7); the Government's Response in Opposition (Civil Docket No. 20), and Petitioner's Reply (Civil Docket No. 21). For the reasons set forth below, the Court dismisses with prejudice all of Petitioner's pending motions (Civil Docket Nos. 4, 7, 10, and 21).

I.  **BACKGROUND**

On September 9, 2015, Cruz-Rivera was charged in a seven-count Superseding Indictment. Count One charged Cruz-Rivera with

Civil No. 20-1170 (FAB)                                                    2

carjacking, in violation of Title 18, United States Code, § 2119(1).  Count Two charged Cruz-Rivera with carrying a Firearm during and in relation to a crime of violence in violation of Title 18, United States Code, § 924(c).  Counts Three charged Cruz-Rivera with another carjacking, in violation of Title 18, United States Code, § 2119(1).  Count Four charged Cruz-Rivera with again carrying a firearm during and in relation to a crime of violence in violation of Title 18, United States Code, § 924(c).  Count Five charged Cruz-Rivera with possession of a firearm by a convicted felon in violation of Title 18, United States Code, § 922(g)(1).  Count Six charged Cruz-Rivera with still another carjacking, in violation of Title 18, United States Code, § 2119(2).  Count Seven charged Cruz-Rivera with once more carrying a firearm during and in relation to a crime of violence in violation of Title 18, United States Code, § 924(c)[1].  (Criminal Docket No. 14).

On October 6, 2015, Petitioner entered a straight plea to the three carjacking Counts, One, Three, and Six of the Superseding

---

[1] The three separate carjackings were committed by Petitioner against three women.  Victim number one was six months pregnant at the time of the carjacking; Cruz-Rivera, in addition to the carjacking, proceeded to fondled her.  Victim number two was not physically harmed.  Victim number three was violently and repeatedly raped and sodomized, suffering serious bodily injury.  (Criminal Case 15-486 Trial Transcript, Docket Nos. 87, 88 and 89.)

Civil No. 20-1170 (FAB)                                                    3

Indictment, (Criminal Docket No. 37), and elected to be tried for Counts Two, Four, Five, and Seven.

On October 13, 2015, Cruz-Rivera's jury trial began as to Counts Two, Four, Five and Seven.  (Criminal Docket No. 46.)

On October 15, 2015, the jury found Cruz-Rivera guilty as to all those counts.  (Criminal Docket No. 53.)

On March 2, 2016, Cruz-Rivera was sentenced to a term of imprisonment of one hundred-eighty (180) months as to Counts One and Three, one hundred-twenty (120) months as to Count Five, one hundred eighty-eight (188) months as to Count Six, eighty-four (84) months as to Count Two and three hundred (300) months as to Counts Four and Seven, all to be served consecutively to each other for a total term of imprisonment of eight hundred seventy-two (872) months.  (Criminal Docket No. 71).

On March 7, 2016, an Amended Judgment (to correct a clerical error) was entered.  (Criminal Docket No. 74.)  On the same date, Cruz-Rivera filed a timely Notice of Appeal.  (Criminal Docket No. 75.)

The First Circuit Court of Appeals issued its opinion and order affirming the district court's judgment, United States v. Cruz-Rivera, 904 F.3d 63 (1st Cir. 2018).  The Supreme Court denied Cruz-Rivera's petition for *certiorari* on March 25, 2019, Cruz-Rivera v. United States, 139 S.Ct. 1391 (2019).

Civil No. 20-1170 (FAB)                                                    4

After Cruz-Rivera's Petition for *Certiorari* was denied, Petitioner moved to recall the court of appeals' mandate, alleging that he was entitled to relief under the First Step Act, United States v. Cruz-Rivera, 954 F.3d 410 (1st Cir. 2020). The court of appeals denied the motion, holding that the First Step Act did not apply to Cruz-Rivera's case because the sentence was imposed before the act's effective date, even though Cruz-Rivera's appeal was pending at the time of its enactment. Id. (Cert. Denied 141 S.Ct. 601, October 13, 2020.)

On March 31, 2020, Cruz-Rivera filed his 2255 motion. (Civil Docket No. 1.) It was mailed by a third party. (Civil Docket No. 1-2.) It is untimely because it was filed after the one-year statute of limitation for the filing of 2255 petitions had expired.

**II. STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court established by [an] Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[T]he statute provides for post-conviction relief in four instances, namely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." David v. United States,

134 F.3d 470, 474 (1st Cir. 1998) (citing Hill v. United States, 368 U.S. 424, 426-27 (1962)).  Claims that do not allege constitutional or jurisdictional errors are properly brought under section 2255 only if the claimed error is a "fundamental defect which fundamentally results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure."  Id.

A motion filed pursuant to section 2255 is not a substitute for a direct appeal.  Foster v. Chatman, 136 S. Ct. 1737, 1758 (2016).  As a result, "as a general rule, federal prisoners may not use a motion under 28 U.S.C. § 2255 to relitigate a claim that was previously rejected on direct appeal."  Id. (citations omitted).  Moreover, "[c]ollateral relief in a § 2255 proceeding is generally unavailable if the petitioner has procedurally defaulted his claim by failing to raise the claim in a timely manner at trial or on direct appeal."  Bucci v. United States, 662 F.3d 18, 27 (1st Cir. 2011) (quotation marks and citations omitted).  If a section 2255 petitioner does not raise a claim on direct appeal, that claim is barred from judicial review unless a petitioner can demonstrate both (1) cause for the procedural default and (2) actual prejudice resulting from the error asserted.  Id., United States v. Frady, 456 U.S. 152, 167-68 (1982).

**III. DISCUSSION**

    **A.  Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) went into effect on April 24, 1996.  AEDPA established a limitations period of one (1) year from the date on which a prisoner's conviction becomes "final" within which to seek federal *habeas corpus* relief.  Congress intended that AEDPA be applied to all section 2255 petitions filed after its effective date, Pratt v. United States, 129 F.3d 54, 58 (1st Cir. 1997).

The Supreme Court denied Cruz-Rivera's petition for *certiorari* on March 25, 2019, with the judgment becoming final on the same date, Cruz-Rivera v. United States, 139 S.Ct. 1391(2019).  For purposes of Title 28, United States Code, § 2255, a conviction becomes final, and the one-year period of limitations starts to run when a petition for *certiorari* is denied.  In re Smith, 436 F.3d 9, 10 (1st Cir. 2006).  In Petitioner's case, the one-year period of limitations expired on March 25, 2020, and his motion was filed on March 31, 2020, six days after the statute of limitations had expired.  Absent an applicable exception, petitions filed outside the one-year period are untimely.  See Dixon v. United States, 729 F. App'x 16, 19 (1st Cir. 2018) (holding that petition, mailed from prison even one day after the expiration

of grace period of limitations could not be deemed timely filed). Lattimore v. Dubois, 311 F.3d 46 (1st Cir. 2002).

Because Cruz-Rivera filed his 2255 petition through a third party rather than using the prison mail system (Civil Docket No. 1-2), he is not entitled to the benefit of the prison mailbox rule that deems a motion filed on the date the motion is deposited in a prison's internal mail system.  See Rule 3 of the Rules Governing 2255 motions.  See also, Morales-Rivera v. United States, 184 F.3d 109, 109 (1st Cir. 1999).  ("A pro se prisoner's motion under 28 U.S.C. § 2255 or § 2254 is filed on the date that it is deposited in the prisoner's internal mail system for forwarding to the district court, provided that the prisoner utilizes, if available, the prisoner's system for recording mail.")

Although Cruz-Rivera filed his 2255 petition *pro se*, it is clear from the envelope used to mail it that it was mailed by a third party, Petitioner's court-appointed appeals attorney. (Civil Docket No. 1-2.)  The prison mailbox rule does not extend to prisoners who provide their motions to third parties to mail to the court.  See, Cook v. Stegall, 295 F.3d 517, 521 (6th Cir. 2002).  This failure to use the prison's internal mail system makes Cruz-Rivera's petition untimely and must be dismissed by the court.

There are exceptions, however, to the fatal one-year statute of limitations.  A review of the record reveals that

Petitioner requested leniency from the court as to the applicability of the statute of limitations due to extreme COVID restrictions placed on prisoners and Cruz-Rivera's lack of access to the law library. (Civil Docket No. 5.)

Furthermore, Petitioner's court appointed attorney,[2] although late in the game, filed a motion claiming that equitable tolling applies to Cruz-Rivera's petition. (Civil Docket No. 21.)

B.  **EQUITABLE TOLLING DOCTRINE**

The equitable tolling doctrine suspends the running of a statute of limitations if a plaintiff, in the exercise of reasonable diligence, could not have discovered information essential to his claim. Ramírez-Carlo v. United States, 496 F 3d. 41 (1st Cir. 2007).

A threshold question is whether equitable tolling is available when a federal prisoner files a motion pursuant to 28 U.S.C. § 2255. The Supreme Court has held that the limitations period under AEDPA, when applied to federal *habeas corpus* petitions filed by prisoners in state custody, is subject to equitable tolling in appropriate instances. Holland v. Florida, 130 S.Ct. 2549 (2010). The First Circuit Court has held that "given the compelling textual similarity and congruent purpose that section

---

[2] Cruz-Rivera requested and obtained a court appointed attorney to help him with his 2255 filing. (Civil Docket Nos. 2, 3 and 9.)

224[sic]4(d) and section 2255(f) share and the common heritage of both provisions as part of the same statutory framework, we hold that section 2255(f)'s one year limitations period is subject to equitable tolling in appropriate instances." Ramos-Martínez v. United States, 638 F.3d 315 at 322 (1st Cir. 2011). The applicability of equitable tolling, however, is far from automatic. A court's power to invoke equitable tolling must be exercised on a case-by-case basis. See, Irwin v. Dep't of Vet. Affairs, 498 U.S. 89 (1990).

A *habeas corpus* petitioner bears the burden of establishing the basis for equitable tolling, Riva v. Ficco, 615 F.3d 35, 39 (1st Cir. 2010). To carry this burden, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. Di Guglielmo, 544 U.S. 408 (2005)). Equitable tolling decisions are made on a case-by-case basis; the determination of whether to toll a limitations period for equitable reasons is fact-intensive. Holland at 2565. AEDPA's statute of limitations will not be equitably tolled merely because the underlying grounds for *habeas corpus* relief are extraordinary; rather the "extraordinary circumstance" must be one that actually caused the untimely filing. Holmes v. Spencer, 685 F.3d 51, 62 (1st Cir. 2012).

Civil No. 20-1170 (FAB)                                                    10

   Through his counsel, Cruz-Rivera has invoked the equitable tolling doctrine.  Petitioner states that since his first 2255 motion he informed the court about the exceptional circumstance that the coronavirus had bought to USP Tucson, where he is imprisoned.  Cruz Rivera also filed an emergency motion for a ruling that the one-year statute of limitations for his 2255 petition began to run from the date the government demonstrated that restrictions of access to the law library, imposed in response to the COVID-19 crisis were lifted.  (Civil Docket No. 21 at p. 6; and Dockets No. 2 and 5.)  Although the Court granted the requested appointment of counsel, it remained silent as to the tolling of the one-year statute of limitations.

   Cruz-Rivera was required to present evidence that he was prevented from filing timely due to restrictions imposed because of the COVID pandemic.  Petitioner was required to show that he took at least some action to overcome this.  See, Dominguez v. Duval, 527 F. App'x 38 (1st Cir. 2013).

   It is common knowledge that the COVID pandemic not only closed the regular functioning of prisons but of all government entities across the nation and the world.  To invoke that COVID restrictions did not allow a timely filing of a section 2255 petition, however, is not enough.

From the very beginning of his case Cruz-Rivera has stated that he was unable to timely file due to a lock down of the prison law library brought on by COVID. The AEDPA statute of limitations defense is not jurisdictional "and is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 645 (2010). "To obtain tolling . . . a petitioner bears a substantial burden to establish that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." Dominguez v. Duval, 527 F. App'x 38, 40 (1st Cir. 2013). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary circumstance prong covers matters outside his control." Blue v. Medeiros, 913 F.3d 1, 8 (1st Cir. 2019).

In Easler v. United States, 2023 WL 4868278, at *2 (D. Maine, Sept. 15, 2023), the court stated: "the only basis for equitable tolling that Petitioner mentioned was "sporadic lockdowns" resulting from the COVID-19 pandemic. While courts have recognized the exceptional nature of the pandemic for some purposes, "the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." Easler v. United States, 2023 WL

Civil No. 20-1170 (FAB)                                                              12


Civil No. 20-1170 (FAB)                                                              12

4868278 (D. Maine, July 31, 2023), citing United States v. Henry, 2020 WL 7332657 at *4 (W.D.Pa. Dec. 14, 2020).

Cruz-Rivera informed the Court that he was unable to file his 2255 petition due to a COVID lockdown in the prison library on the eve that his one-year statute of limitations was to expire.  What Petitioner fails to indicate is what other steps he took prior to the lockdown or prior to the one-year statute of limitations expiring to diligently pursue his right to file in a timely fashion.

In Mack v. Alves, 588 F. Supp. 3d 150 (D. Mass. 2022), the Court was faced with a similar argument for equitable tolling as that raised by Cruz-Rivera.  The Court determined that the allegation of COVID restrictions was just not enough, citing Blue v. Medeiros, 913 F.3d 1, 10 (1st Cir. 2019), which holds that a petitioner must demonstrate continued diligence throughout the statutory period to establish a basis for equitable tolling.  The question to be answered is what did Petitioner do during the period prior to COVID?  "Mack does not explain why he was unable to file his petition during the initial months of the limitations period before COVID-19 restrictions were imposed, nor why the resources at his disposal during the pendency of such restrictions including postal mail, were insufficient for that purpose.  No jurist of reason could disagree with this Court's conclusion that Mack failed

Civil No. 20-1170 (FAB)                                                    13

to prove that he diligently pursued his rights throughout the pendency of the relevant limitation period." Mack v. Alves, 588 F. Supp. 3d 150, 152 (D. Mass. 2022).

The same question must be asked about Cruz-Rivera. There is no doubt that just when the statute of limitations was set to expire, COVID restrictions were put in place at the prison where Rivera-Cruz was housed. These restrictions did not allow him access to the law library. What Rivera-Cruz fails to demonstrate is what action he took in the months prior to the COVID restrictions that would demonstrate that he actively pursued his 2255 filing timely before the COVID restrictions.

While the one-year period of limitations for filing his 2255 petition was running, Cruz-Rivera filed, *pro-se*, in his criminal case a Motion to Amend or Correct Sentence (Criminal Docket No. 96) but chose not to timely file his section 2255 request for relief. There is no doubt that the COVID pandemic created a whole new and never before seen set of circumstance for individuals to function in their daily lives. That does not mean, however, that equitable tolling is warranted for any petitioner who seeks it on that basis. For these reasons the Court concludes that Cruz-Rivera has not meet the requirements of equitable tolling and his 2255 petition is time barred and dismisses it with prejudice.

### C. THE RUVALCABA CLAIM

The Court, out of an abundance of caution, will now address his Ruvalcaba claim.

In United States v. Ruvalcaba, 26 F. 4th 14, (1st Cir. 2022), the First Circuit Court of Appeals held that a district court may consider non-retroactive changes in sentencing law to determine whether an extraordinary and compelling reason exists for a sentence reduction. Id. Cruz-Rivera seeks a sentence reduction on the ground that his "stacked" 924(c) sentences present an extraordinary and compelling reason for a reduction in his sentence.

Before the First Step Act, a person who was previously convicted of a section 924(c) violation received a mandatory minimum sentence of twenty-five (25) years of imprisonment for each subsequent conviction. These sentences would run consecutively to each other, as the sentences imposed on Petitioner ran. The First Step Act amended section 924(c) so that the twenty-five mandatory minimum that applies to a subsequent conviction is triggered only after the prior one has become final. Cruz-Rivera alleges that his second and third sentences for his section 924(c) convictions are stacked and illegal. That ship has sailed.

On May 26, 2020, Petitioner, through the Federal Public Defender, filed a Motion for Reduction of Sentence pursuant to the

First Step Act in which he argued, as an "extraordinary and compelling reason" to reduce his sentence, the "stacking" of his 924(c) convictions which substantially extended his term of incarceration. (Criminal Docket No. 100.) The Court denied Petitioner's request. (Criminal Docket No. 111.) Cruz-Rivera timely appealed the court's ruling.

The First Circuit Court of Appeals, after briefing on the matter was completed, directed the parties to supplement their filings addressing the impact, if any, of the court of appeals' decision in United States v. Ruvalcaba, 26 F.4th 4, 16 (1st Cir. 2022). After Petitioner and the government submitted their supplemental filings, the court of appeals stated, "We conclude that vacatur and remand are in order. The ruling of the district court is vacated, and the matter is remanded to the district court for further consideration consistent with this judgment and Ruvalcaba. We express no opinion at this time to the appropriate outcome on remand." United States v. Cruz-Rivera, No. 20-2071 (1st Cir. May 13, 2022). (Criminal Docket No. 117.)

Following the ruling of the court of appeals, this Court ordered both parties to file simultaneous memoranda addressing the matter. The Court appointed counsel for Cruz-Rivera. (Criminal Docket Nos. 118 and 121.) Both parties complied, and this Court issued its judgment, as follows:

> "Having reviewed the court of appeals' judgment in this case, its opinion in U.S. v. Ruvalcaba, and the parties' well-thought out and thorough filings (Docket Nos. 125, 126, 131 and 132), the Court again denies defendant Cruz-Rivera's motion [for] compassionate release (docket 100)."

(Criminal Docket No. 133.) Cruz-Rivera timely appealed the Court's Judgment (Criminal Docket No. 135). It is currently pending before the court of appeals.

The Court has not changed its position on the matter. Although there is no doubt that Cruz-Rivera is serving a lengthy sentence in part due to the 924(c) stacking permissible at the time of his sentence, the lengthy sentence is appropriate. The Court's sentence is long but just; the heinous crimes committed by Cruz-Rivera which will have everlasting repercussions on his multiple victims must have severe consequences. There is no doubt that Cruz-Rivera received a fair and valid sentence.

Even if Cruz-Rivera's 2255 Petition had been timely filed or subject to equitable tolling it still would have still been denied by the Court.

**IV. CONCLUSION**

For the reasons stated, Petitioner Carlos Cruz-Rivera's Motion under 28 U.S.C. § 2255 (Civil Docket No. 10) as well as all subsequent related filings (Civil Docket Nos. 4, 7 and 21) are **DENIED**. Petitioner's request for an Evidentiary Hearing is also

**DENIED**.   This case is **DISMISSED with prejudice**.   Judgment shall be entered accordingly.

## V.   CERTIFICATE OF APPEALABILTY

No certificate of appealability shall be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, September 27, 2023.

<p style="text-align:right">s/ Francisco A. Besosa<br>
FRANCISCO A. BESOSA<br>
SENIOR UNITED STATES DISTRICT JUDGE</p>